**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES of AMERICA, for the Use and Benefit of CALMAT COMPANY dba VULCAN MATERIALS COMPANY – WESTERN DIVISION,<br><br>Plaintiff.<br><br>v.<br><br>KAD PAVING COMPANY, DONALD J. WHEELER, JR., HUGO ALONSO, INC., and HUDSON INSURANCE COMPANY,<br><br>Defendants. | No. 1:14-cv-00677---SKO<br><br>**ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE** |

On July 15, 2014, Plaintiff United States of America acting for the use and benefit of CalMat Co. ("Plaintiff") filed a notice of voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action with a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice.  *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).  The filing of the notice itself has the effect of closing the action, and the Court no longer has jurisdiction over the claims.  *Id.*

Accordingly, the Clerk of the Court is HEREBY DIRECTED to close this file pursuant to Plaintiff's Notice of Dismissal filed on July 15, 2014.

IT IS SO ORDERED.

Dated:     **July 17, 2014**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE